UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lakes and Parks Alliance of Minneapolis, a Minnesota non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Metropolitan Council, a public corporation and political subdivision of the State of Minnesota,<br><br>Defendant. | File No.  0:14-cv-03391-JRT-SER<br><br><br>**DEFENDANT METROPOLITAN COUNCIL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

## I.    INTRODUCTION

Plaintiff Lakes and Parks Alliance of Minneapolis ("LPA") asserted a "limited, narrow cause of action" alleging that Defendant Metropolitan Council ("the Council") violated the National Environmental Policy Act ("NEPA") by limiting the choice of reasonable alternatives for the proposed Southwest Light Rail Transit Project ("SWLRT Project" or "Project") before completion of the required environmental review.  The Court denied LPA's motion for summary judgment because LPA had not shown that the Council had irreversibly and irretrievably committed to a specific outcome.

Notwithstanding that environmental review is ongoing, LPA now seeks to engage in broad discovery related to its claim against the Council.  This effort is contrary to well-settled precedent limiting judicial review of NEPA-based claims — as well as other claims subject to the arbitrary and capricious standard of review — to the administrative record before the agency.  Accordingly, the Council respectfully requests the Court to

497780.1

enter a Protective Order stating that the Council is not required to respond to LPA's discovery and is exempt from the initial disclosure requirements pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

The SWLRT Project is a proposed extension of the METRO Green Line (Central Corridor Light Rail Transit line) to provide service from Eden Prairie, through the cities of Minnetonka, Hopkins, and St. Louis Park, to downtown Minneapolis. The Council is responsible for developing the proposed Project which would be funded, in part, through a program administered by the Federal Transit Administration ("FTA").

The proposed Project is subject to ongoing environmental review under both NEPA and the Minnesota Environmental Policy Act ("MEPA"). A Draft Environmental Impact Statement ("DEIS") was published in October 2012 and a Supplemental Draft Environmental Impact Statement ("SDEIS") was published in May 2015. The Final Environmental Impact Statement ("FEIS") is not anticipated until the second quarter of 2016. The FTA and the Council will then determine whether the FEIS satisfies the requirements of NEPA and MEPA and, if it does, will issue their respective Record of Decision ("ROD") and Determination of Adequacy approving the FEIS.

LPA commenced this action prior to publication of the SDEIS alleging that the FTA and the Council violated NEPA and its implementing regulations by limiting the choice of reasonable alternatives prior to completing the environmental review process. Am. Compl. [Doc. No. 12] at ¶¶ 42-52. The Court dismissed the claim against the FTA because the federal government has not waived sovereign immunity for NEPA-based

challenges prior to a final agency action. *Lakes and Parks Alliance of Minneapolis v. Fed. Transit Admin.*, 91 F. Supp. 3d 1105, 1119-20 (D. Minn. 2015) ("LPA I"). However, the Court allowed the claim against the Council to proceed based on what it described as a "limited, narrow cause of action" implied under NEPA to preserve LPA's possible federal remedy. *Id*. at 1124.

LPA's Complaint included two other claims against the Council. The first, alleging that the Council violated MEPA by taking actions to limit the choice of reasonable alternatives, was dismissed because state law expressly limits such claims to cases where a final agency action has occurred. *Id*. at 1126. The other, arising under Minnesota's municipal consent statute, failed when the Court rejected LPA's assertion that a preliminary or draft environmental impact statement must be provided to the affected local governments before initiating the municipal consent process. *Lakes and Parks Alliance of Minneapolis v. Metropolitan Council*, Civ. No. 14-3391 JRT-SER, __ F. Supp. 3d __, 2015 WL 4635934 at *13-14 (D. Minn. Aug. 4, 2015) ("LPA II"). Accordingly, LPA's "limited, narrow cause of action" to preserve a possible federal remedy under NEPA is the only claim that remains.

On August 17, 2015, the Council and LPA conferred regarding a proposed schedule for the litigation and preparation of the joint Rule 26(f) Report. The parties disagreed as to whether this case is exempt from initial disclosures as "an action for review on an administrative record" and whether LPA is entitled to engage in discovery. The parties presented their positions to the Court in their Joint Rule 26(f) Report [Doc. No. 81] and at the September 9, 2015 Pretrial Conference. It was agreed by the parties

and the Court that the threshold issues of whether this case is exempt from the initial disclosure requirements and whether LPA is entitled to discovery would be resolved through motion practice. LPA served interrogatories and requests for production of documents on October 8, 2015. Exhibit A to the Affidavit of David J. Zoll, filed herewith. This Motion for Protective Order follows.[1]

### III. ARGUMENT

The fulcrum issue is whether LPA's remaining claim is "an action for review on an administrative record" for which discovery is not permitted or whether the recognition of a "limited, narrow cause of action" changes the character of LPA's claim arising under NEPA so as to open the door to broad discovery. Consistent with long-standing precedent, and in the interest of judicial economy and fairness, the Council respectfully requests the Court to treat this matter as an action for review on an administrative record and grant the Council's Motion for Protective Order.

**A.     This is "an action for review on an administrative record" and LPA is not entitled to engage in discovery.**

NEPA-based claims, like LPA's, typically are reviewed following final agency action pursuant to the Administrative Procedure Act ("APA"). *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 813 (8th Cir. 2006); 5 U.S.C. § 701-06. In such cases, courts apply the arbitrary and capricious standard of review and base the judicial review on the administrative record before the agency at the time the final action was taken. *Bar*

---

[1] The Council brings this Motion for Protective Order to resolve the parties' threshold disputes as to whether this matter is exempt from initial disclosure requirements and whether Plaintiff is entitled to discovery. The Council reserves the right to assert specific objections to LPA's interrogatories and requests for production of documents.

497780.1                                           4

*MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (citing *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)).  Because judicial review is limited to the administrative record, discovery typically is not allowed.  *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in reviewing Court."); *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3rd Cir. 2006); *Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997-98 (D.C. Cir. 1990) (affirming grant of protective order to preclude deposition of Park Service's Regional Director).  LPA has asserted a typical claim for judicial review of an agency action which must be based on the administrative record, not a separate record created before the Court.

LPA presumably will argue that the Court should depart from the established precedent and allow discovery because its claim arises from a "limited, narrow cause of action" under NEPA, not the APA.  A similar argument was rejected by the Eighth Circuit in *Newton Cnty. Wildlife Ass'n v. Rogers*, 141 F.3d 803 (8th Cir. 1998).  There, the plaintiff asserted that it was entitled to go beyond the administrative record to support claims arising under the citizen-suit provisions of the Endangered Species Act and Clean Water Act.  *Id.* at 808.  The court of appeals disagreed because, although the statutes provide for judicial review, the statutes did not prescribe a standard of review and Supreme Court precedent requires that "consideration [in such cases] is to be confined to the administrative record and that no *de novo* proceeding may be held."  *Id.* (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963)); *see also Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*, 685 F.2d 678, 685-

86 (D.C. Cir. 1982); *U.S. v. Holcomb*, 651 F.2d 231, 236 (4th Cir. 1981). Like the claims arising under the citizen-suit provisions of the Endangered Species Act and Clean Water Act, no standard of review is specified for the implied cause of action arising under NEPA. Accordingly review of LPA's claim under the implied "limited, narrow cause of action" must be confined to the administrative record.

LPA's attempt to engage in discovery is not only contrary to well-settled precedent, it disregards the limited nature of its NEPA-claim. LPA is not merely seeking to preserve its federal remedy. LPA is attempting to advance its federal remedy in a case where the FTA — the federal agency responsible for complying with NEPA — is not even a party. *See* 42 U.S.C. § 4332 (describing requirements which apply to "agencies of the Federal Government); *Ely v. Velde*, 451 F.2d 1130, 1139 (4th Cir. 1971) (finding that NEPA, "by . . . [its] very language impose[s] no duties on the states"). Allowing LPA to proceed with discovery ultimately could lead to a decision regarding NEPA compliance based on a record which the responsible federal agency (the FTA) had no role in preparing and which may be different than the record used to evaluate the FTA's compliance with NEPA in any future cases relating to environmental review of the proposed SWLRT Project. Such an outcome is unfair, inefficient, and unnecessary.

Judicial review of LPA's narrow NEPA-based claim is appropriately limited to the administrative record. The Court should order that LPA is not entitled to discovery and that this matter is exempt from the initial disclosure requirements pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure.

**B.	None of the recognized exceptions to the general rule prohibiting discovery apply in this case.**

Courts only rarely depart from the rule that judicial review is limited to the administrative record. Courts will allow discovery where (1) the agency has failed to explain the reasoning for its decision; (2) there has been a strong showing of bad faith or improper behavior; or (3) the agency has relied upon documents that are not included in the administrative record. These exceptions are narrow and "apply only under extraordinary circumstances and are not to be casually invoked[.]" *Voyageurs Nat'l. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988)). None of the exceptions apply here.

**1.	The administrative record will be sufficient to support judicial review.**

Courts may allow discovery where the agency has failed to explain adequately the reasons for its decision. *Community for Creative Non-Violence*, 908 F.2d at 998-99 (citing *Citizens to Pres. Overton Park*, 401 U.S. at 420). Even in these cases, however, "the proper course, except in rare circumstances, is to remand to the agency for further investigation." *Newton Cnty. Wildlife Ass'n*, 141 F.3d at 807 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Discovery will be permitted "[o]nly in the rare case in which the record is so bare as to frustrate judicial review." *Community for Creative Non-Violence*, 908 F.2d at 998-99 (citing *Camp*, 411 U.S. at 142; *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 842 (D.C. Cir. 1976)).

Environmental review of the proposed SWLRT Project is ongoing. The FEIS is anticipated in the second quarter of 2016 and, if the analysis meets the requirements of

NEPA and MEPA, will be followed by the ROD and Determination of Adequacy issued by the FTA and the Council respectively. At that time, the Court will have the fully developed administrative record – containing the information considered by the FTA and the Council – upon which to determine whether the NEPA requirements have been satisfied. It is premature, at this interim stage, to determine whether the administrative record will be developed sufficiently to permit judicial review. However, the extensive analyses and the record presented to the Court in connection with LPA's motion for summary judgment suggest that the record will be robust and complete with no need to supplement the record through discovery.

> **2. The Council has not acted in bad faith or engaged in improper behavior.**

Where there has been "'a strong showing of bad faith or improper behavior' . . . the reviewing court may permit discovery and evidentiary supplementation of the administrative record." *Newton Cnty. Wildlife Ass'n*, 141 F.3d at 807 (quoting *Citizens to Pres. Overton Park, Inc.*, 401 U.S. at 420). LPA cannot make the requisite showing to be entitled to discovery in this case.

LPA's mere allegation that the Council violated NEPA cannot sustain the burden of making a strong showing of bad faith or improper behavior. The allegation is, in all material respects, indistinguishable from typical NEPA challenges. See *LPA II*, 2015 WL 4635934 at *8-10 (summarizing NEPA challenges involving allegations that agency predetermined outcome of environmental review). If discovery were permitted here, it should be permitted in every NEPA case and the exception would swallow the rule.

Instead, "a court should generally restrict its inquiry to the objective adequacy of the EIS, namely, thorough investigation of environmental effects and candid acknowledgments of potential environmental harms" and "should not conduct far-flung investigations into the subjective intent of an agency." *Nat'l Audubon Soc'y v. Dep't. of Navy*, 422 F.3d 174, 198 (4th Cir. 2005) (citing *Hughes River Watershed Conservancy v. Johnson*, 165 F.3d 283, 288 (4th Cir. 1999)). There has been no allegation, let alone a strong showing, of bad faith or improper behavior and, therefore, there is no basis for the Court to extend its inquiry beyond the forthcoming administrative record in this case.

> **3. Discovery is not allowed because the Council has not relied upon materials outside of the forthcoming administrative record.**

Courts may allow discovery or supplementation of the record where the agency has relied upon materials that it did not include in the administrative record. *Bar MK Ranches*, 994 F.2d at 740 (citing *Tenneco Oil Co. v. Dep't. of Energy*, 475 F. Supp. 299, 317 (D. Del. 1979)). As the Court noted in its Order denying LPA's motion for summary judgment, "additional facts and environmental analysis are forthcoming." *LPA II*, 2015 WL 4635934 at *12. These facts and analysis will be incorporated into the administrative record which will form the basis for the Court, "at the appropriate time, when the record is more adequately developed, [to] once again consider summary judgment." *Id*. At this interim stage, it is impossible – unless the decision will be based solely on conjecture – to determine whether the record which will be submitted to the Court will be complete. It should be noted, however, that an agency's production of the administrative record is entitled to a presumption of regularity and the Court will not

allow discovery or supplementation of the record absent clear evidence to the contrary. *Bar MK Ranches*, 994 F.2d at 740 (citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985)). LPA has not, and cannot, demonstrate any irregularity with respect to the forthcoming administrative record and the Court should not intercede, through this interim action, to augment the record through discovery.

C. **Allowing discovery would be inconsistent with the "limited, narrow cause of action" recognized by the Court and could lead to adjudications based on inconsistent records.**

LPA's claim arises from a "limited, narrow cause of action" recognized to preserve its potential federal remedy. In recognizing this cause of action, the Court indicated that LPA's claim should proceed to summary judgment to determine whether the Council's actions in obtaining municipal consent went too far toward eliminating reasonable alternatives from consideration. *LPA I*, 91 F. Supp. 3d at 1124. At the summary judgment stage, "in which the Court applies a different standard, and with the benefit of more record evidence and summary judgment briefing and arguments" the Court concluded that LPA had not demonstrated a NEPA violation. *LPA II*, 2015 WL 4635934 at *11. In denying LPA's motion for summary judgment, the Court noted that construction is not imminent, that more steps in the process lie ahead, and that the Court will consider summary judgment again "when the record is more adequately developed." *Id*. at *12. Under these circumstances, where the environmental review is continuing and the administrative record is evolving, the Court need not shortcut the process and allow discovery into the still-developing administrative record in order to preserve any possible federal remedy.

497780.1                                10

Moreover, as addressed above, allowing discovery would create different records for adjudicating this and future challenges to the environmental review of the proposed SWLRT Project. If discovery is allowed, LPA's existing NEPA claim would be decided based upon a record constructed through discovery whereas future actions would be reviewed in light of the administrative record produced by the agencies. This is particularly concerning in this case where the FTA is responsible for conducting environmental review under NEPA but is not a party to this litigation. There is no need to create confusion and uncertainty in the record in order to preserve any federal remedy that may be available to LPA.

## IV. **CONCLUSION**

LPA's NEPA-based claim is an action for review on an administrative record. As such, the action is exempt from the initial disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1)(B). Moreover, LPA is not entitled to engage in discovery as a right and cannot demonstrate that any of the narrow exceptions to the rule prohibiting discovery apply. Accordingly, the Council should not be required to respond to LPA's discovery requests and the Motion for Protective Order should be granted.

Dated:  December 28, 2015

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

**s/David J. Zoll**
Charles N. Nauen, #121216
David J. Zoll, #0330681
Kristen G. Marttila, #0346007
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Tel: (612) 339-6900
Fax: (612) 339-0981
Email: cnnauen@locklaw.com
djzoll@locklaw.com
kgmarttila@locklaw.com

Ann K. Bloodhart, #0248393
Associate General Counsel
METROPOLITAN COUNCIL
390 Robert Street North
St. Paul, MN  55101
Tel: (651) 602-1105
Fax: (651) 602-1640
Email: ann.bloodhart@metc.state.mn.us

**ATTORNEYS FOR DEFENDANT METROPOLITAN COUNCIL**