UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LAKES AND PARKS ALLIANCE OF MINNEAPOLIS,<br><br>Plaintiff,<br><br>v.<br><br>THE METROPOLITAN COUNCIL,<br><br>Defendant. | Civil No. 14-3391 (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE ORDER** |

J. Scott Andresen and Lewis A. Remele, Jr., **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, and Joy Reopelle Anderson and Thomas L. Johnson, **GRAY PLANT MOOTY & BENNETT, PA**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, for plaintiff.

Charles N. Nauen, David J. Zoll, and Kristen G. Marttila, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, and Ann K. Bloodhart, **METROPOLITAN COUNCIL**, 390 Robert Street North, Saint Paul, MN 55101, for defendant.

Plaintiff Lakes and Parks Alliance of Minneapolis ("LPA") alleges in this action that Defendant Metropolitan Council ("Met Council") violated the National Environmental Protection Act ("NEPA") by committing to a particular route for the Southwest Light Rail Transit project ("SWLRT") prior to a record of decision and final environmental review. After the Court denied the LPA's motion for summary judgment in August 2015, the LPA requested discovery related to the Met Council's commitments and negotiations with cities along the route. The Met Council moved in response for a

protective order, arguing the LPA was not entitled to engage in discovery on the matter. The Met Council now appeals the Magistrate Judge's order denying its motion for a protective order. Because the Court finds that limited discovery is necessary to give effect to the cause of action recognized in its prior orders, and nothing prohibits discovery here, the Court will overrule the Met Council's objections and affirm the Magistrate Judge's order.

## ANALYSIS

The Court has discussed the facts of this case at length in prior orders. *See, e.g.*, *Lakes and Parks All. of Minneapolis v. Metro. Council* ("*LPA II*"), 120 F. Supp. 3d 959 (D. Minn. 2015); *Lakes and Parks All. of Minneapolis v. Fed. Transit Admin.* ("*LPA I*"), 91 F. Supp. 3d 1105 (D. Minn. 2015). In brief, the LPA brought this challenge alleging that the Met Council, through its negotiations and the municipal consent process, committed to a particular light-rail route prior to the completion of the NEPA environmental review process. In *LPA I*, the Court denied the Met Council's motion to dismiss after finding that the LPA had pleaded a permissible cause of action. The Court recognized a narrow cause of action under NEPA permitting a plaintiff to seek redress against a state or local actor that is taking action prior to the completion of final environmental review that will limit the alternatives that could be considered during the NEPA process, thereby, "eviscerat[ing] the federal remedy." 91 F. Supp. 3d at 1124 n.13. In *LPA II*, the Court denied the LPA's motion for summary judgment, finding "that

the LPA has not yet shown that the Met Council's actions have irreversibly and irretrievably committed to a specific SWLRT route." 120 F. Supp. 3d at 972.

The LPA then pursued discovery and, in response, the Met Council filed a motion for a protective order arguing the LPA was not entitled to discovery. (Def.'s Mot. for Protective Order, Dec. 28, 2015, Docket No. 90.) After a hearing, the Magistrate Judge denied Met Council's motion for a protective order. The Magistrate Judge relied on portions of *LPA II*, which suggested that the Court lacked sufficient information about the negotiation process and agreements between the Met Council and other public entities – precisely the information contemplated in LPA's discovery requests. (Tr. at 38, Jan. 14, 2016, Docket No. 100.) Thus, the Magistrate Judge found that based on this Court's prior order, discovery was appropriate.

The Met Council now objects to the Magistrate Judge's order, raising the same arguments it made before the Magistrate Judge. This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3); *see also Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) ("The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.").

The Met Council argues the Magistrate Judge's order is contrary to law because the scope of this case is limited to the administrative record, and extra-record discovery is therefore improper. The Met Council relies on cases suggesting that if a statute provides for judicial review of an agency action, but the statute does not provide a standard of review, then a court is limited to reviewing the administrative record in a case

challenging the agency's actions. *See e.g.*, *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (stating "where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed . . . consideration is to be confined to the administrative record"); *Newton Cty. Wildlife Ass'n v. Rogers*, 141 F.3d 803, 808 (8th Cir. 1998) (finding that review under the citizen-suit provisions of the Endangered Species Act was limited to the administrative record).

But those cases are inapplicable to the matter before the Court.  Here, the LPA's complaint involves actions taken by the Met Council prior to final agency action, and prior to the completion of the administrative record.  All of the cases cited by Met Council, on the other hand, arose after final agency action when an administrative record already existed.[1]  *See e.g Carlo Bianchi & Co.*, 373 U.S. at 711 (reviewing a final decision of the Board of Claims and Appeals of the Corps of Engineers following an adversary proceeding); *Newton Cty.*, 141 F.3d at 807-08 (reviewing the Forest Service's final decision approving timber sales based on the "voluminous administrative record compiled by the Forest Service").  The Court has already rejected the Met Council's argument that the LPA must wait until final agency action to bring this challenge.  *LPA I*, 91 F. Supp. 3d at 1128-29 (finding the claims against Met Council were ripe for review because, an "[i]njury under NEPA occurs when an agency fails to comply with that

---

[1] Similarly, the Met Council notes that *South Carolina Wildlife Federation v. Limehouse*, 549 F.3d 324 (4th Cir. 2008), a case relied upon by this Court in *LPA I*, did not proceed to discovery.  However, the court's opinion in *Limehouse* did not discuss discovery issues, and there is no indication that the parties even sought discovery.  Additionally, the challenge in *Limehouse* arose at a later stage when there was an available administrative record.  *See id.* at 328 (noting the issuance of the record of decision).

statute"). Thus, because the LPA may bring its claims prior to final agency action – and the compilation of an administrative record – the Court finds that the scope of review in this case is necessarily not limited to an administrative record. To hold otherwise would render the LPA's claims meaningless.

Because the LPA has an available cause of action prior to final agency action, the Court finds the LPA is entitled to tailored discovery relating to the Met Council's negotiations and agreements with cities and public entities, so long as those requests are not unduly burdensome. Accordingly, pursuant to the Magistrate Judge's order, the Met Council has 15 days to respond to the LPA's discovery requests.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the Met Council's Objections [Docket No. 101] and **AFFIRMS** the Order of the Magistrate Judge [Docket No. 98].

DATED: May 17, 2016  
at Minneapolis, Minnesota.

                                                                s/ John R. Tunheim  
                                                            JOHN R. TUNHEIM  
                                                                 Chief Judge  
                                                   United States District Court